```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| **Plaintiff,** | |
| v. | **CRIMINAL NO.** 10-232 (FAB) |
| HECTOR MARTINEZ-MALDONADO [2], | |
| **Defendant.** | |

**OPINION AND ORDER**

BESOSA, District Judge.

Pending before the Court is the issue of whether declaring a mistrial with respect to the jury's findings regarding Count One of the indictment against defendant Hector Martinez-Maldonado would result in a double jeopardy violation.  For the reasons stated below, the Court finds that no double jeopardy violation would occur; accordingly, Count One is dismissed as to defendant Martinez without prejudice.

**I.   Procedural History**

On March 7, 2011, the jury entered a verdict finding defendant Martinez guilty of conspiracy and federal program bribery.  (Docket No. 438.)  While the jury found defendant Martinez guilty of conspiracy, the jury checked "no" to all three possible objects of the conspiracy.   Id.   The Court initially granted defendant

Criminal No. 10-232 (FAB)                                            2

Martinez's motion to dismiss Count One.  The government requested time to research the issue and brief the Court.  On March 8, 2011, the Court reinstated defendant Martinez's conviction as to Count One of the indictment.  (Docket No. 440.)

The Court then ordered the parties to brief the issue of whether defendant Martinez's conviction as to Count One could stand, despite its apparent inconsistency.  Id.  On March 11, 2011, defendant Martinez filed a motion for the Court to dismiss Count One.  (Docket No. 447.)  On March 14, 2011, the government filed a "non-opposition" to defendant Martinez's motion to dismiss Count One.  (Docket No. 451.)  The following day, however, the government filed a supplemental response asking the Court to grant a mistrial on Count One and a dismissal without prejudice, but not to grant a Rule 29 motion for judgment of acquittal.  (Docket No. 453.)  On March 15, 2011, defendant Martinez filed a reply to the government's supplemental response.  (Docket No. 455.)  On March 16, 2011, the Court directed the government to brief the Court on the issue of whether defendant Martinez's conviction for Count One should be reinstated or dismissed.  (Docket No. 459.)  On March 22, 2011, the government filed its second supplemental response, alleging that the proper remedy in this situation is a new trial, not a dismissal with prejudice.  (Docket No. 466.)

Criminal No. 10-232 (FAB)                                                    3

On March 24, 2011, the parties were ordered to brief the Court regarding whether declaration of a mistrial in this case would result in a double jeopardy violation. (Docket No. 467.) Defendant Martinez and the government filed motions complying with the Court's order. (Docket Nos. 473 & 481.)

## II. Discussion

Defendant Martinez asserts that double jeopardy precludes declaring a mistrial as to Count One, and thus an acquittal is required as to this count. The government, in contrast, maintains that while Count One must be dismissed, the proper remedy here is a dismissal without prejudice and a new trial, not a dismissal with prejudice or an acquittal. Defendant Martinez raises three distinct arguments in support of his request for his acquittal on Count One. The Court addresses each argument in turn.

### A. The Jury's Verdict Requires an Acquittal

In order to assess the merits of the parties' arguments regarding the meaning of the jury's verdict, the Court must delineate the circumstances under which the jury's conviction was made. The jury verdict form incorporated specific interrogatory questions in addition to general findings of guilt or innocence. (Docket No. 438.) As to Count One, conspiracy, the jury was asked to "unanimously find" defendant Martinez "guilty" or "not guilty".

Criminal No. 10-232 (FAB)                                                4

Id. The jury checked "guilty". Id. Next, the verdict form asked the jury to determine "[w]hich one or more of these was the object of the conspiracy (check all that you unanimously find to apply)". Id. Under each of the objects of conspiracy were spaces for the jury to check "yes" or "no". Id. In response to the three objects listed, the jury checked "no". Id. The Court notes that the "yes" or "no" responses do not logically follow from the question asked. Confusion exists regarding what the "no" response indicates. Defendant Martinez requests the Court to infer that by checking "no", "the jury was unanimously making a finding of rejection" of the objects of the conspiracy. (Docket No. 473 at 4.) The government, however, maintains that by checking "no", the jury "failed to unanimously find [sic] an object, which is not the same as unanimously finding that there were no objects of the conspiracy." (Docket No. 481 at 2.)

   The verdict form is unambiguously clear that the jury unanimously found defendant Martinez guilty of Count One, the conspiracy count. (Docket No. 438 at 2.) In order for that conviction to stand, it is imperative that the jury unanimously find defendant Martinez guilty of at least one of the three objects of the conspiracy listed on the verdict form. The specific wording of the language used on the verdict form is inherently confusing;

Criminal No. 10-232 (FAB)                                                5

the jury's answer of "no" to whether it "unanimously" found an object of the conspiracy to exist could mean one of two things: either (1) the jury unanimously found none of the objects to exist, or (2) some jurors found some of the objects to exist and some jurors did not.

Defendant Martinez insists that the case presented before the Court is similar to the situation in United States v. Lucarelli, 490 F. Supp. 2d 295 (D.Conn. 2007), where the court held that a judgment of acquittal, rather than a new trial, was the proper remedy. In Lucarelli, the jury unequivocally found, in its response to a special interrogatory, that the defendant lacked specific intent, an essential element of the crimes with which defendant was charged. Id. at 296. In granting a remedy of acquittal, the Lucarelli court differentiated the situation before it from other cases (where the remedy granted was a new trial) that "concerned circumstances where either the jury's finding on an essential element of the crime charged was in doubt/not reached unanimously or the jury rendered a truly inconsistent verdict where it was properly instructed on the essential elements of the crime, convicted the defendant of that crime, but answered a special interrogatory concerning an essential element of that crime in the negative." Id. at 297.

Criminal No. 10-232 (FAB)                                                6

      The government asserts that this case is unlike <u>Lucarelli</u> but more in line with the cases differentiated from it, specifically, <u>United States v. Mitchell</u>, 476 F.3d 539 (8th Cir. 2007). In <u>Mitchell</u>, the jury was asked to find unanimously whether the defendant had made false representations in a bankruptcy petition in violation of 18 U.S.C. § 152(3). <u>Id</u>. at 542. Then, the jury was asked "if it unanimously found . . . that one or more of the false declarations . . . were 'material'" . . . ." <u>Id</u>. In response to this second question, "[t]he jury was simply asked to check 'yes' or 'no' in response." <u>Id</u>.  The jury found the defendant guilty of making false representations, but "[i]n response to the materiality interrogatory, the jury checked the 'no' box, annotating that it could not make a unanimous finding beyond a reasonable doubt that one or more of the false statements was material." <u>Id</u>. The district court granted a Rule 33 motion as to the defendant's conviction for submitting a false declaration, holding that section 152(3) required a showing of materiality beyond a reasonable doubt, and denied defendant's later motion to dismiss the section 152(3) charge on double jeopardy grounds. <u>Id</u>. at 543. The Eighth Circuit Court of Appeals affirmed the district court's decision, holding that double jeopardy did not preclude future litigation of the materiality issue because the defendant

Criminal No. 10-232 (FAB)                                                7

was neither acquitted of the crime (the jury convicted defendant of making false declarations), nor did the jury make "a unanimous factual finding with respect to the materiality of the misstatements." Id. at 545.  The court interpreted the jury's mark of "no" to an instruction "unanimously [to] find beyond a reasonable doubt that one or more of the false declarations . . . [was] material" as indicating one of two things:  "either (1) the jury unanimously found the statements immaterial or (2) some jurors found the statements material and some jurors found the statements immaterial."  Id. at 542-5.

In the case before this Court, the jury, like the jury in Mitchell, checked "no" to an instruction to "check all [the objects of the conspiracy] that you unanimously find to apply".  (Docket No. 438 at 2-3.)  Defendant Martinez urges the Court to hold that the jury's finding indicates that "the jury clearly and unanimously rejected the objects of the conspiracy" (Docket No. 473 at 3); as explained in Mitchell, however, there are two possible interpretations of the jury's finding, and "[t]he language of the interrogatory itself is not susceptible to discerning just what, specifically, the jury found;" we know only that the jury was unable to agree unanimously as to any of the objects of the conspiracy.  476 F.3d at 545.  The Court would be speculating about

Criminal No. 10-232 (FAB)                                                8

the jury's conclusion on the essential element of the object of the conspiracy if it determined that the jury unanimously failed to find an object.  In light of this ambiguous finding by the jury as to the object of the conspiracy, the proper remedy is a new trial under Rule 33, not a judgment of acquittal.

**II.  The Court's Initial Dismissal Does Not Preclude a Mistrial**

Defendant Martinez asserts that double jeopardy would preclude declaring a mistrial because the Court initially dismissed Count One, and then reinstated it.  (Docket No. 473 at 7.)  Defendant claims that an acquittal ordered by a Court under Rule 29 "is a final decision and jeopardy attaches to it, such that it can never be relitigated."  Id. at 8.  While defendant Martinez accurately states the law, he misapplies it to the facts of this case.  After the jury verdict was read in this case, counsel for defendant requested the Court to "strike" the guilty verdict on Count One because it was "a legal impossibility as to Defendant Martinez." (Docket No. 444 at 50.)  The Court agreed with defense counsel and dismissed Count One as to defendant Martinez.  Id. at 56.  The following day, however, the Court issued an order reinstating defendant Martinez's conviction as to Count One and directing the parties to submit briefs regarding the issue of whether the

Criminal No. 10-232 (FAB)                                                         9

conviction could stand despite the apparent inconsistency in the jury's verdict.  (Docket No. 440.)

Defendant Martinez's double jeopardy argument is based on a misinformed presumption that the Court's initial dismissal was based on Rule 29.  If the Court had entered an order finding that "the evidence [was] insufficient to sustain a conviction" under Rule 29, it would constitute a "court-decreed acquittal" and "preclude[] reexamination of guilt" under the Double Jeopardy Clause of the Fifth Amendment.  Smith v. Massachusetts, 543 U.S. 462, 467 (2005).  In this case, however, the Court made no such finding; thus, Rule 29 was not implicated.  Here, the jury returned a verdict of guilt for defendant Martinez as to Count One, and the Court "dismissed" that verdict based on defense counsel's claim of "legal impossibility."  (Docket No. 444 at 50-56.)  The Court neither engaged in a Rule 29 analysis regarding the sufficiency of the evidence presented, nor did it enter a judgment of acquittal for defendant Martinez as to Count One.  Moreover, even if the Court had "set[] aside [the jury's guilty verdict] and enter[ed] a judgment of acquittal, the Double Jeopardy Clause does not preclude a prosecution appeal to reinstate the jury verdict of guilty." Smith, 543 U.S. at 467.  Because defendant Martinez was not acquitted of Count One by either the jury or the Court, double

Criminal No. 10-232 (FAB)                                              10

jeopardy is not implicated and does not preclude declaring a mistrial.  Id., see also United States v. Arache, 946 F.2d 129, 139 (1st Cir. 1991) (rejecting appellant's claim of double jeopardy where the trial judge's decision to order a new trial was not based on an acquittal or "a finding that the evidence was legally insufficient to support [appellant's] conviction."); Mitchell, 476 F.3d at 544-45 (affirming district court's denial of defendant's motion to dismiss indictment on double jeopardy grounds where defendant was unable to prove that he was acquitted or that the jury made a factual finding that would be fatal to the government's case.)

### III. Defendant's Objection Does Not Preclude a Mistrial

Lastly, defendant Martinez argues that his objection to a mistrial precludes the Court's declaration of a mistrial.  (Docket No. 473 at 9.)  In support of this proposition, defendant Martinez cites to United States v. Lara-Ramirez, which states that in light of defendant's opposition to a mistrial, "the permissibility of a new trial depends upon the 'manifest necessity' for the mistrial declaration."  519 F.3d 76, 82 (1st Cir. 2008).  The determination of whether "manifest necessity" requires a new trial is based on a "consideration of three interrelated factors:  '(i) whether alternatives to a mistrial were explored and exhausted;

(ii) whether counsel had an opportunity to be heard; and (iii) whether the judge's decision was made after sufficient reflection.'" Lara-Ramirez, 519 F.3d at 85 (quoting United States v. Toribio-Lugo, 376 F.3d 33, 39 (1st Cir. 2004)).

The cases on which defendant Martinez relies in support of his claim that there is no manifest necessity requiring a mistrial are inapposite. In Lara-Ramirez, the First Circuit Court of Appeals found that the district court had abused its discretion in ordering a mistrial and denying defendant's motion to dismiss the indictment on the basis of double jeopardy. The facts of that case, however, differ wildly from the facts before the Court. The district court in Lara-Ramirez had declared a mistrial before the jury had issued a verdict - specifically, the jury reported that it was deadlocked; the district court discovered the presence of a Bible in the jury room; and the court found that the Bible "incurably tainted" the position of the jurors and deemed it "useless" to urge jurors to reexamine their positions and attempt to reach a unanimous verdict. 519 F.3d at 85 (finding that "the premise of the [district] court's refusal to consider an Allen charge further-the ineradicable taint of the Bible-was seriously flawed.") In essence, the First Circuit Court of Appeals found that the district court's failure to investigate the claims of alleged juror taint fully and "explore

Criminal No. 10-232 (FAB)                                             12

and exhaust the alternatives to a mistrial" constituted a "premature declaration of a mistrial." Id. at 89.

Defendant Martinez also cites to United States v. Razmilovic as further support for his claim that a mistrial is improper in this case. 507 F.3d 130 (2nd Cir. 2007). In Razmilovic, the Second Circuit Court of Appeals found that the jury was not "genuinely deadlocked when the trial court declared a mistrial" where the only piece of evidence supporting the trial judge's conclusion of deadlock was a note from the jury saying that it was "at a deadlock" and had "exhausted all its options." Id. at 139. Like Lara-Ramirez, Razmilovic is a case in which the district court declared a mistrial prior to a verdict being reached by the jury, and the court of appeals found that the trial court failed to pursue any alternatives, including giving jury instructions or polling the jurors, before declaring "a mistrial due to a genuinely deadlocked jury." Id. at 139-140.

In this case, however, unlike the situation in either Lara-Ramirez or Razmilovic, manifest necessity requires declaring a mistrial due to the undisputed logical inconsistency of the jury's verdict. The jury's decision in finding defendant Martinez "guilty" of conspiracy while failing to find an object of the conspiracy unanimously presents the Court with a unique situation

Criminal No. 10-232 (FAB)                                              13

in which a new trial as to Count One is the appropriate remedy. Defendant's request for an acquittal is not a viable option where the jury has clearly and unanimously convicted him of the conspiracy charge.  See Mitchell, 476 F.3d at 544 (finding that there was no acquittal where the jury convicted the defendant of the crime charged.)

Defendant claims that the Court should have asked "the jury to resume its deliberations and clarify its verdict", but the defendant makes no reference to any time where the defendant or the government requested this remedy.  See Docket No. 473 at 10.  In fact, in response to a jury note sent to the Court during deliberations requesting "clarification of conspiracy", the record indicates that counsel for defendant Martinez was adamant that "all [the Court] can do is either refer them to or read the conspiracy instruction."  Docket No. 443 at 25-28.  The opportunity to ask the jury to deliberate further on their inconsistent verdict has clearly passed.  Therefore, the only viable option for the Court is to declare a mistrial as to Count One in order to respect the jury's finding of a guilty verdict as to the conspiracy charge and observe defendant Martinez's right to be proven guilty of all elements of the crime charged in light of the jury's failure to

Criminal No. 10-232 (FAB)                                              14

make a unanimous factual finding as to the object of the conspiracy.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, August 30, 2011.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        United States District Judge