# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | |
|        ) | |
| v.     ) | |
|        ) | **CRIMINAL CASE NO. 10-232** |
| JUAN BRAVO-FERNÁNDEZ     ) | |
|   and     ) | |
| HECTOR MARTÍNEZ-MALDONADO,  ) | |
|   Defendants.     ) | |

## DEFENDANT JUAN BRAVO-FERNÁNDEZ'S UNOPPOSED MOTION REQUESTING MODIFICATION OF CONDITIONS OF RELEASE

Maria H. Sandoval (USDC-PR 201210)
PO Box 9878
San Juan, PR 00908
(787) 282-0281 (Phone)
(787) 282-0277 (Fax)
MHSandoval@att.net

Carlos J. Sagardia-Abreu (USDC-PR 227510)
1353 Ave. Luis Vigoreaux PMB 678
Guaynabo, PR 00966
(787) 360-7924 (Phone)
(787) 200-6550 (Fax)
cjsa@sagardialaw.com

Reid H. Weingarten, Admitted *pro hac vice*
Jason M. Weinstein, Admitted *pro hac vice*
William L. Drake, Admitted *pro hac vice*
Rachel B. Peck, Admitted *pro hac vice*
STEPTOE & JOHNSON LLP
1330 Connecticut Ave. NW
Washington, DC 20036
(202) 429-3000 (Phone)
(202) 429-3902 (Fax)
rweingarten@steptoe.com

*Counsel for Defendant Juan Bravo-Fernández*

On June 29, 2018, this Court granted Defendants' Motion for Bond Pending Appeal and set new conditions of release. (Docket No. 1061.) Specifically, the Court ordered that Mr. Bravo and Mr. Martínez "must comply with the following conditions of release, as they were required to do, when subject to pre-trial release in 2010: Standard conditions 1-4, 7(e), 7(h)-(k), 7(n)-7(p), and 7(u)-(x). (Docket Nos. 13 and 15.)" This Court also ordered that the "defendants are prohibited from associating or communicating with any witness who testified at any hearing or trial in this case."

## I.    Conditions Related to Travel

By and through counsel, Mr. Bravo requests this Court to clarify and modify conditions 7(i), 7(v), 7(w) and 7(x). Condition 7(i) states that Mr. Bravo ". . . shall not leave the jurisdiction of this district without first obtaining written permission from the Court." Condition 7(v) states that Mr. Bravo "shall not enter any airport or pier with the EXCEPTION stated below, unless authorized by the Pretrial Services Office or Supervising Officer." Conditions 7(w) and 7(x) contain the referenced exceptions and state, "The Chief U.S. Probation Services Officer, or his designee, may authorize temporary changes of address and overseas travels to mainland U.S. only, not exceeding 15 calendar days, provided the U.S. Attorney has no objection to it. If objected, request will have to be made in writing. Defendant is allowed to travel prior authorization from the probation office. He's to schedule the same with sufficient time."

Mr. Bravo has scheduled several medical appointments in the mainland U.S., and his work takes him to the U.S. Virgin Islands with significant frequency. Mr. Bravo requests that the Court allow him to travel to the U.S. mainland and to the U.S. Virgin Islands so long as he has prior authorization from the Pretrial Services Office. Mr. Bravo also requests that he be allowed to travel internationally so long as he has prior authorization from the Pretrial Services Office and provides the Government 72 hours' notice of such travel and an opportunity to object.

2

## II.   Conditions Related to Contact with Witnesses

Mr. Bravo also requests a modification of the Court's June 29, 2018 order that This Court also ordered that prohibited him "from associating or communicating with any witness who testified at any hearing or trial in this case."  (Docket No. 1061.)

One of Mr. Bravo's conditions of release (which he does not seek to modify) requires him to "maintain or actively seek employment."  Mr. Bravo is employed as a consultant in the private security industry, and some of the witnesses at trial are still associated with Mr. Bravo's current work (*e.g.*, Frank Domenech and Jesus Garcia).

Other witnesses are among Mr. Bravo's closest friends (*e.g.*, Leo Campo and Pepe Llama).  Another witness, Rafael Ramirez, is Mr. Bravo's accountant, financial advisor, and personal attorney.

It would place an undue hardship on Mr. Bravo to have no contact with many of the witnesses from the first and second trial.  Mr. Bravo requests that this Court not prohibit all contact with witnesses, but instead order that Mr. Bravo is prohibited from discussing the facts or substance of this matter with any witness who testified at any hearing or trial in this case. Should the need arise to discuss the case with any witness, Mr. Bravo requests that the Court order that Mr. Bravo may only be allowed to do so in the presence of his counsel in this matter.

Counsel for Mr. Bravo has consulted with attorneys for the Government, who do not oppose the relief requested in this motion.

DATED:  July 3, 2018

      /S/  Maria H. Sandoval

Maria H. Sandoval (USDC-PR 201210)
PO Box 9878
San Juan, PR 00908
(787) 282-0281 (Phone)
(787) 282-0277 (Fax)
MHSandoval@att.net

Carlos J. Sagardia-Abreu (USDC-PR 227510)
1353 Ave. Luis Vigoreaux PMB 678
Guaynabo, PR 00966
(787) 360-7924 (Phone)
(787) 200-6550 (Fax)
cjsa@sagardialaw.com

*Counsel for Defendant Juan Bravo-Fernández*

Respectfully submitted,

      /S/  Reid H. Weingarten

Reid H. Weingarten, Admitted *pro hac vice*
Jason M. Weinstein, Admitted *pro hac vice*
William L. Drake, Admitted *pro hac vice*
Rachel B. Peck, Admitted *pro hac vice*
STEPTOE & JOHNSON LLP
1330 Connecticut Ave. NW
Washington, DC 20036
(202) 429-3000 (Phone)
(202) 429-3902 (Fax)
rweingarten@steptoe.com

## CERTIFICATION OF SERVICE

I certify that on July 3, 2018, a copy of the foregoing was filed with the Court's electronic case filing system, thereby effecting service pursuant to Local Civil Rule 5(b)(2) on Peter M. Koski with the U.S. Department of Justice.


_____/S/  Reid H. Weingarten_____

Reid H. Weingarten